UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WIRLIN ACQUILES RECIO PUJOLS,

Movant,

-against-

UNITED STATES OF AMERICA,

Respondent.

26-CV-3755 (KMW)

ORDER OF DISMISSAL

KIMBA M. WOOD, United States District Judge:

Movant Wirlin Aquiles Recio Pujols, residing in Hackensack, New Jersey, brings this *pro se* motion under 28 U.S.C. § 2255. Although the motion does not indicate the conviction Movant seeks to challenge, it appears that he is challenging his conviction in *United States v. Pujols*, No. 11-CR-0290 (LBS) (Nov. 9, 2011). The Court denies the Section 2255 motion for lack of jurisdiction. To the extent the motion can also be construed as a petition for a writ of error *coram nobis*, the Court also denies the petition.[1]

---

[1] Movant filed the motion initiating this action on May 5, 2026. On December 30, 2025, Movant previously filed another Section 2255 motion in this court. *See Recio Pujols v. United States*, No. 25-CV-10851 (LLS) (S.D.N.Y. May 6, 2026) ("*Recio Pujols I*"). Because that motion was unsigned and included no information on the conviction Movant was seeking to challenge, by order dated January 29, 2026, Judge Louis L. Stanton directed Movant, within 60 days, to file an amended Section 2255 motion that was signed and that complied with Rule 2 of the Rules Governing Section 2255 Proceedings. ECF 1:25-CV-10851, 3. Movant failed to file an amended motion within the time prescribed, and, by Order dated May 4, 2026, Judge Stanton denied the motion without prejudice. ECF 1:25-CV-10851, 4. It appears that Movant's filing of this motion was a belated and untimely attempt to comply with the court's Order in *Recio Pujols I*. Because that action was already closed, this motion was opened as a new civil action.

While motions under Section 2255 are opened as new civil actions, and petitions for a writ of error *coram nobis* can be opened as new civil actions, both types of submissions are also usually docketed in the criminal action and assigned to the judge presiding over the criminal action. Here, however, because Judge Leonard Sand, who presided over Movant's criminal action, is no longer on the bench, and because Movant's motion lacks merit, the Court declines to docket the motion in the criminal action, and instead addresses it in the civil action.

## STANDARD OF REVIEW

A prisoner in federal custody may bring a motion under 28 U.S.C. § 2255 attacking his sentence on the grounds that it is in violation of the Constitution or United States law, was imposed without jurisdiction, exceeds the maximum penalty, or it is otherwise subject to collateral attack. 28 U.S.C. § 2255. Under Rule 4(b) of the Rules Governing § 2255 Proceedings, the Court has the authority to review and deny a § 2255 motion prior to directing an answer "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rules Governing § 2255 Proceedings, Rule 4(b); *see Acosta v. Nunez*, 221 F.3d 117, 123 (2d Cir. 2000). The Court is obligated, however, to construe *pro se* pleadings liberally and interpret them "to raise the strongest arguments they *suggest*." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (internal quotation marks and citations omitted) (emphasis in original); *see Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001). Nevertheless, a *pro se* litigant is not exempt "from compliance with relevant rules of procedural and substantive law." *Triestman*, 470 F.3d at 477 (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

## BACKGROUND

Movant filed his claims using the court's form to submit a motion to vacate, set aside, or correct a sentence by a person in federal custody. He does not identify the conviction he is challenging or the date of such conviction. He instead states that he is challenging a judgment of conviction entered in "Kings County Supreme Court and Southern District of NY." (ECF 1, at 1.) He states that he was convicted of "criminal possession of marijuana" and sentenced to 30 months in federal prison. (*Id.*) Movant provides no further information about the conviction he

is challenging, or any previous challenges to the conviction he has brought, or whether he is still in custody pursuant to that conviction.

Movant asserts a single ground for relief: "Defendant has lived a crime free life since this without any new arrest of any kind the past 22 years. The crimes under which Defendant was charged are now legal and thus not crimes given the legalization of marijuana." (*Id.* at 4.)

Based on a docket sheet that Movant attaches to the motion and court records, the Court understands that Movant is seeking to challenge his conviction in *United States v. Pujols*, No. 11-CR-0290 (LBS). In that case, in a judgment of conviction dated November 9, 2011, Movant pleaded guilty to passport fraud in violation of 18 U.S.C. § 1542; making false claims of United States citizenship in violation of 18 U.S.C. § 911; and conspiracy to distribute 50 kilograms or more of marijuana in violation of 21 U.S.C. § 841(b)(1)(C). ECF 1:11-CR-0290, 12. Judge Leonard Sand, who presided over the criminal case, sentenced Movant to a total of 30 months' imprisonment, followed by three years' supervised release. Movant did not appeal his conviction or file any post-conviction motions challenging the conviction.

## DISCUSSION

### A. Section 2255 Motion

A district court's jurisdiction to consider a Section 2255 motion is dependent on the movant being "in custody" pursuant to that court's judgment of conviction. *See* 28 U.S.C. § 2255(a) *United States v. Rutigliano*, 887 F.3d 98, 104 (2d Cir. 2018). While such custody includes a movant's prison term, *see id.,* and a movant's supervised-release term, *Scanio v. United States*, 37 F.3d 858, 860 (2d Cir. 1994), a district court does not have jurisdiction to consider a Section 2255 motion if that motion is filed after the movant's incarceration and supervised-release terms have been completed, *see United States v. Lavelle*, 194 F.2d 202, 202-

03 (2d Cir. 1952); *United States v. Tagliaferro*, 1:19-CR-0472 (LAP), 2025 WL 2065193, at *4 (S.D.N.Y. July 23, 2025) ("It is well-established that the Court forfeits its jurisdiction to review criminal convictions under 28 U.S.C. § 2255 once the [criminal] defendant has completed his or her sentence."); *see also United States v. Lasquite*, Nos. 1:14-CR-0522, 1:25-CV-10385 (NRB), 2025 WL 3640156, at *2 (S.D.N.Y. Dec. 16, 2025) ("It is well-established that in circumstances such as these, where a [criminal] defendant is neither incarcerated nor serving a term of supervised release, the [Section 2255] 'in custody' requirement is not satisfied.").

Here, there is no indication that Movant is in custody or subject to supervised release pursuant to his November 9, 2011, judgment of conviction. On that date, Movant was sentenced to 30 months' imprisonment, followed by three years' supervised release. Assuming Movant began his prison sentence shortly thereafter, he would have been released from prison sometime in 2014, and his supervised release would have expired sometime in 2017. While Movant provides only a Hackensack, New Jersey, commercial address as the return address on the mailing envelope, he does not allege that he is still in custody. Because Movant is no longer in custody pursuant to the conviction he seeks to challenge, the Court concludes that it lacks jurisdiction to consider his Section 2255 motion.

**B. Error *Coram Nobis* Relief**

A movant who is unable to challenge the custodial aspects of his conviction through Section 2255 may be able to pursue relief by seeking a writ of error *coram nobis*. *See Kovacs v. United States*, 744 F.3d 44, 49 (2d Cir. 2014) (explaining that the writ of error coram nobis is "typically available only when habeas relief is unwarranted because the petitioner is no longer in custody"). A writ of error *coram nobis* is an "extraordinary remedy" that "issues only in extreme cases." *United States v. Denedo*, 556 U.S. 904, 916 (2009). "The writ thus serves as a remedy of last resort, strictly limited to those cases in which errors . . . of the most fundamental character

have rendered the proceeding itself irregular and invalid." *United States v. Rutigliano*, 887 F.3d 98, 108 (2d Cir. 2018) (internal quotation marks and internal citations omitted); *see also Carlisle v. United States*, 517 U.S. 416, 429 (1997) (noting that "it is difficult to conceive of a situation in a federal criminal case today where [a writ of *coram nobis*] would be necessary or appropriate" (internal quotation marks omitted)).

To obtain *coram nobis* relief, a petitioner "must show that (1) 'there are circumstances compelling such action to achieve justice,' (2) 'sound reasons exist for failure to seek appropriate earlier relief,' and (3) 'the petitioner continues to suffer legal consequences from his conviction that may be remedied by granting of the writ.'" *Rutigliano*, 887 F.3d at 108 (quoting *Foont v. United States*, 93 F.3d 76, 79 (2d Cir. 1996) (internal quotation marks and alterations omitted)).

Here, Movant has not demonstrated that he is entitled to error *coram nobis* relief. First, Movant alleges no facts suggesting that he continues to suffer any legal consequences because of his conviction. That deficiency alone is sufficient to deny the petition. Second, Movant does not allege any circumstances that compel the granting of such relief. The Court understands Movant to be challenging only his marijuana conviction, which he alleges should be vacated because, according to Movant, marijuana has been "legaliz[ed]." (ECF 1, at 4.) This argument is meritless. Movant was convicted of conspiracy to distribute 50 kilograms or more of marijuana under 21 U.S.C. § 841(b)(1)(C). ECF 1:11-CR-0290, 12. That statute, both today and at the time of Movant's conviction, provides that an individual who distributes or possesses with intent to distribute "a controlled substance in schedule I and II" in certain amounts shall be sentenced "to a term of imprisonment of not more than 20 years[.]" 21 U.S.C. § 841(b)(1)(C).

Marijuana was, and currently is, a Schedule I drug. *See* 21 U.S.C. § 812(c)(Schedule I)(c)(10) (listing marijuana as a Schedule I drug); *Brown Buddha New York,*

*LLC v. Town of Southampton*, No. 25-CV-5053 (JS) (ALR), 2026 WL 2363637, at *8 (E.D.N.Y. Aug. 13, 2026) ("Pursuant to the Controlled Substances Act ("CSA"), marijuana is a Schedule I controlled substance, and its sale and distribution are prohibited by federal law." (citing 21 U.S.C. §§ 812, 841(a)(1)).[2] Because marijuana is still a Schedule I drug, contrary to Movant's assertions, distributing more than 50 kilograms of marijuana is still illegal and still punishable under Section 841.

It is true that, in a December 2025 Executive Order, President Trump directed the Attorney General to "take all necessary steps to complete the rulemaking process related to rescheduling marijuana to Schedule III of the CSA in the most expeditious manner in accordance with federal law." Increasing Medical Marijuana and Cannabidiol Research, 90 FR 60541, 2025 WL 3708543 (Dec. 18, 2025). As the Second Circuit has recently pointed out, however, "removing marijuana from Schedule I cannot be done by executive fiat; it requires either an Act of Congress or a duly completed administrative rulemaking proceeding. Neither, to date, has occurred." *Pena Garcia v. Dir., Off. of Workers' Comp. Programs*, 169 F.4th 111, 117 (2d Cir. 2026); *see also United States v. Singletary*, No. 22-CR-477-1 (GTS), 2026 WL 366606, at *2 (N.D.N.Y. Feb. 10, 2026) (explaining that the Executive Order "merely instructs the Attorney General to take steps to reschedule marijuana from Schedule I to Schedule III," and it "does not have a material bearing" on whether a criminal defendant charged with distributing marijuana poses a threat to the safety of the community).

---

[2] *See also* United States Drug Enforcement Administration, Drug Scheduling, https://www.dea.gov/drug-information/drug-scheduling (last viewed Aug. 19, 2026) [https://perma.cc/QC3J-UUDY] (listing marijuana as a Schedule I drug).

Finally, to the extent that Movant seeks to vacate his conviction on the ground that he "has lived a crime free life since this without any new arrest of any kind the past 22 years" (ECF 1, at 4), such a fact, while laudable, is not a viable legal ground for vacating a prior conviction.

For these reasons, the Court denies Movant any error *coram nobis* relief that he may be seeking.[3]

## CONCLUSION

The Court denies the motion, filed under 28 U.S.C. § 2255, for lack of jurisdiction. To the extent the motion can be construed as a petition for a writ of error *coram nobis*, the Court denies the request.

Because the motion makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

[3] The Court notes that a writ of *audita querela* may also be "available in limited circumstances with respect to criminal convictions." *United States v. Richter*, 510 F.3d 103, 104 (2d Cir. 2007) (per curiam). The writ is generally limited to cases where "the absence of any avenue of collateral attack would raise serious constitutional questions about the laws limiting those avenues." *Id.* It is "is probably available where there is a legal, as contrasted with an equitable, objection to a conviction that has arisen subsequent to the conviction and that is not redressable pursuant to another post-conviction remedy." *Id.* (citing *United States v. LaPlante*, 57 F.3d 252, 253 (2d Cir. 1995)). To the extent Movant's motion could be interpreted as also seeking a writ of *audita querela*, the Court denies the request for the same reasons it denied the request for a writ of error *coram nobis*. Nothing in Movant's submission suggests that the continued validity of his 2011 conviction raises serious constitutional issues.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: September 28, 2026
New York, New York

/s/ Kimba M. Wood
KIMBA M. WOOD
United States District Judge